Filed 8/11/26  P. v. Salvador CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B347588 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA342646 |
| HERBERT SALVADOR, | |
| Defendant and Appellant. | |

        APPEAL from an order of the Superior Court of Los Angeles County, George Gonzalez Lomeli, Judge.  Affirmed.
        California Appellate Project, Jennifer Peabody and Sydney Banach, under appointment by the Court of Appeal, for Defendant and Appellant.
        Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Herbert Salvador committed murder when he was 17 years old. He is serving a 50-years-to-life sentence. Salvador appeals the trial court's order denying him Penal Code section 1170, subdivision (d) relief.[1] That statute authorizes juvenile offenders sentenced to life without the possibility of parole (LWOP) to petition for recall and resentencing. Although Salvador is not serving an LWOP sentence, he nonetheless contends he is entitled to relief under the statute because (1) his sentence is the functional equivalent of LWOP; and (2) the trial court's order denying him relief violated his right to equal protection under the law. We affirm.

## BACKGROUND

In 2010, a jury convicted Salvador of first degree murder. (§ 187, subd. (a).) The jury also found various firearm allegations true, including that Salvador personally and intentionally discharged a firearm, causing great bodily injury and death to the victim. (§ 12022.53, subds. (b)–(d).) The court sentenced Salvador to 50 years to life in state prison, consisting of consecutive terms of 25 years to life on the murder and the section 12022.53, subdivision (d) firearm allegation.

In 2023, Salvador filed a petition for recall and resentencing under section 1170, subdivision (d) and *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*). In August 2023, the trial court summarily denied the petition, concluding Salvador was "not eligible and [not] suitable for the relief requested." Salvador appealed.

---

[1] Undesignated statutory references are to the Penal Code.

2

**DISCUSSION**

## A. Standard of Review

We review Salvador's claims de novo because they raise pure questions of law. (*People v. Rells* (2000) 22 Cal.4th 860, 870.) Although the Attorney General agrees with Salvador that the trial court erred by denying his petition, we independently assess the merits of Salvador's arguments. (See *People v. Kim* (2011) 193 Cal.App.4th 836, 847 ["We are not required to accept the Attorney General's concession"].)

## B. Salvador Is Not Entitled to Section 1170 Relief Because He Is Not Serving the Functional Equivalent of LWOP

Section 1170, subdivision (d)(1)(A) allows "a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to" LWOP and who "has been incarcerated for at least 15 years" to petition the sentencing court for recall and resentencing. The statute's plain language extends relief only to juvenile offenders with LWOP sentences. (*People v. Olmos* (2025) 109 Cal.App.5th 580, 583.)

Salvador contends that his 50-years-to-life sentence is the functional equivalent to an LWOP term and thus falls within the ambit of section 1170, subdivision (d). Our Supreme Court has not decided whether a 50-years-to-life sentence imposed on a juvenile offender is the functional equivalent of LWOP for purposes of section 1170 relief. But the high court has addressed the issue in the context of an Eighth Amendment analysis.

In *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), a juvenile defendant convicted of murder was sentenced to life in prison with the possibility of parole in 50 years. (*Id.* at p. 268.) On appeal, he argued that his sentence violated the Eighth

3

Amendment's prohibition against cruel and unusual punishment. (*Id.* at p. 272.)  The court held the defendant's Eighth Amendment challenge was moot because the Legislature enacted section 3051, requiring that he receive a parole hearing during his 25th year of incarceration.  (*Id.* at p. 268.)

In *People v. Contreras* (2018) 4 Cal.5th 349 (*Contreras*), unlike *Franklin*, the juvenile nonhomicide offenders were not eligible for parole under section 3051.  (*Id.* at p. 359.)  The court held the 50-year-to-life sentence imposed on one of the offenders was the functional equivalent of an LWOP term and thus violated the Eighth Amendment.  (*Id.* at pp. 356, 369.)

After *Contreras*, some Courts of Appeal have held that although section 1170, subdivision (d)(1) expressly applies only to juvenile offenders with LWOP sentences, it must also apply to juvenile offenders with de facto LWOP sentences in order to not violate equal protection principles.  (*Heard*, *supra*, 83 Cal.App.5th at pp. 633–634 [denying juvenile offenders sentenced to the functional equivalent of LWOP the opportunity to obtain section 1170, subdivision (d)(1) relief would violate the guarantee of equal protection under the law]; *People v. Sorto* (2024) 104 Cal.App.5th 435 (*Sorto*) [following *Heard* and reaching same conclusion]; *People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1056 (*Bagsby*) [same].)

Other courts have more recently disagreed with or distinguished *Heard* and its progeny in various ways.  One such approach can be found in *People v. Munoz* (2025) 110 Cal.App.5th 499, review granted June 25, 2025, S290828 (*Munoz*).  There, the majority affirmed the denial of section 1170, subdivision (d) relief, concluding a sentence of 50-years-to-life was not the functional equivalent of LWOP for purposes of eligibility under

4

section 1170, subdivision (d).[2] In reaching this holding, the majority explained that Munoz "will have a realistic opportunity to obtain release from prison during his expected lifetime" after serving 50 years in prison (i.e., at the age of 65). (*Munoz*, at p. 508; but see dis. opn. of Feuer, J. at pp. 512–513 [reaching the opposite conclusion].) The majority distinguished *Heard*, noting the defendant in that case was sentenced to 23 years plus 80 years to life in state prison. (*Munoz*, at p. 507.)

*People v. Thompson* (2025) 112 Cal.App.5th 1058 (*Thompson*), review granted September 24, 2025, S292540, took a different approach, concluding section 1170, subdivision (d) does not violate equal protection because the Legislature had a rational basis for limiting relief to individuals serving actual LWOP sentences. (*Thompson,* at p. 1062.) The *Thompson* court noted the Legislature, in enacting the statute, "was expressly concerned about juveniles being sentenced to *die* in prison." (*Id.* at p. 1075.) In reaching this holding, the *Thompson* court conducted a lengthy legislative history analysis and emphasized that the Legislature is accorded broad deference under rational basis review. (*Id.* at pp. 1075–1078.)

*People v. Isayev* (2025) 113 Cal.App.5th 1117 (*Isayev*), review granted November 12, 2025, S292860, took yet another approach. Citing *Franklin*, the court concluded section 3051 " 'effectively reforms' the defendant's sentence 'so that the longest

---

[2]    In *Munoz*, the Supreme Court is set to address the same issue presented here—whether a juvenile homicide offender sentenced to 50-years-to-life in prison is entitled to recall and resentencing under section 1170, subdivision (d) on the ground that the sentence is the functional equivalent of LWOP.

5

possible term of incarceration before parole eligibility is 25 years.' " (*Isayev,* at p. 1141.) The court disagreed with *Heard*, *Sorto*, and *Bagsby*, "each of which concluded that the availability of a youth offender parole hearing under section 3051 does not render a juvenile offender ineligible for relief under section 1170, subdivision (d)." (*Isayev*, at p. 1142.) The *Isayev* court held that the defendant's 50-years-to-life sentence was not the functional equivalent of LWOP because he would become eligible for a youth offender parole hearing during his 25th year of incarceration. (*Isayev*, at p. 1141, citing § 3051.)

        We agree with the analysis in *Isayev*. Salvador is not serving the functional equivalent to LWOP because he will be eligible for parole 25 years after his sentence was imposed. (§ 3051, subd. (b)(3).) Accordingly, Salvador is not eligible for section 1170 relief because that statute only applies to offenders sentenced to an LWOP term. We respectfully disagree with *Heard*, *Sorto*, and *Bagsby* to the extent they are inconsistent with our conclusion. (See *Heard*, *supra*, 83 Cal.App.5th at p. 629; *Sorto*, *supra*, 104 Cal.App.5th at pp. 447–448; *Bagsby*, *supra*, 106 Cal.App.5th at p. 1063.)

        Salvador's reliance on *Contreras* is misplaced. In *Contreras*, the issue was whether sentences of 50 years to life and 58 years to life imposed on *nonhomicide* juvenile offenders violated the Eighth Amendment. (*Contreras*, *supra*, 4 Cal.5th at p. 356.) Here, Salvador was convicted of murder, and he does not make an Eighth Amendment argument. Moreover, in *Contreras*, the defendants were ineligible for youthful parole hearings under section 3051 because they were sentenced pursuant to the One Strike law. (*Contreras*, at pp. 357, 359.) By contrast, as Salvador acknowledges, he will be eligible for a youthful parole hearing

during his 25th year of incarceration. *Contreras* lends no support to Salvador's position.

## DISPOSITION

We affirm the order denying Salvador section 1170, subdivision (d) relief.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TAMZARIAN, J.

We concur:

MORI, Acting P. J.

COGLIATI, J.*

---

\* Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.